[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13331
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 19, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00073-CV-CDL-3

SHARON K. POSTELL,

Plaintiff-Appellant,

versus

GREENE COUNTY HOSPITAL AUTHORITY,
d.b.a. Minnie G. Boswell Memorial Hospital,
PACER HEALTH MANAGEMENT CORPORATION OF GEORGIA,
INC.,
ANITA BROWN,
in her individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 19, 2008)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Sharon Postell appeals an adverse Summary Judgment in favor of Pacer Health Management Corporation and Greene County Hospital d/b/a Minnie G. Boswell Memorial Hospital's (collectively the "Hospital") on her claims of religious discrimination and retaliation under Title VII, and religious discrimination under the First and Fourteenth Amendment, per 42 U.S.C. § 1983. Postell also appeals the adverse Summary Judgment in favor of defendant Anita Brown, the Hospital's former director of nursing, as to Postell's claim of religious discrimination under the First and Fourteenth Amendment, per 42 U.S.C. § 1983.

We review a district court order granting summary judgment de novo, viewing all of the facts in the record in the light most favorable to the non-moving party. Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Wilson v. B/E/ Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004) (quoting Fed. R. Civ. P 56(c)).

Under that standard, we find no reversible error. Under the circumstances of this case, we do not find that Brown's statements suffice as direct evidence of

2

discrimination.  Nor can Postell established a prima facie case of religious discrimination, based on circumstantial evidence as she cannot show that she was terminated or permanently removed from the work schedule or constructively discharged or suffered any other adverse employment action in contrast with similarly situated employees.

Likewise, Postell's § 1983 claim of religious discrimination against the hospital similarly fails.  Postell used this claim as a parallel remedy for her claim of religious discrimination under Title VII.  As a result, based on our previous conclusions, we also affirm the district court's grant of summary judgment in favor of the Hospital as to Postell's § 1983 claim of religious discrimination.

Postell has also failed to show error in granting summary judgment in favor of the Hospital as to her claim of retaliation under Title VII.  There is no dispute that the Hospital was willing to work with Postell to resolve her conflict with Brown.  However, Postell never requested that she be placed back on the schedule. Thus, the Hospital's failure to return her to the schedule, after her complaints of discrimination, did not constitute a materially adverse employment action, and Postell did not establish a prima facie case of retaliation.

**AFFIRMED.**